FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 06 2017 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTHONY CASTRO,

                        Plaintiff,

-against-

JUAN CARLOS RODRIGUEZ, RYDER
TRUCK RENTAL, LT. and QUIVICAN TRUCKING
CORP.,

                        Defendants.
------------------------------------------------------------X

ORDER

CV 15-3590

This is a diversity action for personal injury arising out of an automobile accident that occurred on January 30, 2015. The sole cause of action is for negligence, pursuant to Section 5102 of the New York Insurance Law. Presently before the Court are the parties' cross-motions for summary judgment.

Having reviewed the papers in support of and in opposition to the motion for summary judgment, the Court finds that genuine issues of material fact exist with respect to both liability and the extent of Plaintiff's injuries, which preclude the entry of summary judgment at this time. The parties may renew their arguments at the time of trial.

Defendants' motion for summary judgment is granted in part, however, solely with respect to Plaintiff's ability to bring this action against Ryder Truck Rental, Lt. ("Ryder"). Defendants argue in their motion papers that, pursuant to the Graves Amendment, 49 U.S.C. § 30106, Ryder may not be held vicariously liable for Plaintiff's injuries merely because it rented the truck at issue herein to Defendant Quivican Trucking Corp. ("Quivican"). See Graham v. Dunkley, 852 N.Y.S.2d 169 (2d Dep't 2008). Defendants offer the rental agreement between

-1-

Ryder and Quivican, signed July 8, 2008, as evidence that Ryder had no role in the underlying accident other than the fact that it rented the automobile at issue to Quivican.

In his opposition to Defendants' motion, Plaintiff fails to address in any way the arguments offered by Defendants for Ryder's dismissal. "Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way." Maher v. Alliance Mortgage Banking Corp., 650 F. Supp. 2d 249, 267 (E.D.N.Y. 2009) (quotation omitted) (citing cases); Ostroski v. Town of Southold, 443 F. Supp. 2d 325, 340 (E.D.N.Y. 2006) ("Because plaintiff's opposition papers did not address defendants' motion for summary judgment on this claim, the claim is deemed abandoned and summary judgment could be granted on that basis alone.").

Accordingly, Defendants' motion for summary judgment is granted in part and denied in part. For the reasons set forth above, Defendant Ryder Truck Rental, Lt. is hereby dismissed from this action and the Clerk of the Court is directed to terminate them as a party. Plaintiff's motion for summary judgment is denied in its entirety. Jury selection remains scheduled for June 19, 2017 at 9:30 a.m.

**SO ORDERED:**

Dated: Central Islip, New York
       June 6, 2017

_____
LEONARD D. WEXLER
United States District Judge